## Sadler v. Sadler.

March 6, 1945.

Edwin P. Mengel for appellant.

Allen P. Cubbage for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—Affirming.

Appellant sued appellee for divorce, alleging that they had lived separate and apart for five consecutive years without any cohabitation. Denying this allegation, appellee, by answer and counterclaim, sought alimony on the ground that on January 21, 1944, appellant had forcibly ejected her from his home, and thereafter had refused to live with her. The Chancellor dismissed the petition and awarded appellee $40 per month and the use and occupancy of appellant's "Claude Kinser" farm. Included in the costs which the judgment directed appellant to pay was an attorney fee of $200.

The proof was wholly insufficient to establish appellant's alleged ground for divorce, but amply sustained appellee's charges. In apparent recognition of that fact, the sole ground urged for a reversal is that the maintenance awarded appellee and the attorney fee allowed as costs are excessive.

The parties were married in 1926; appellee, so far as the record shows, is penniless, and appellant is the owner of four farms, some livestock and equipment. Their only child, a sixteen year old boy, resides with his father; and the total value of appellant's property is somewhere between $15,500 and $22,600, and his indebtedness, $11,000. While his earnings are not shown, the fact that he has been able to accumulate the assets referred to during a period of approximately nine years shows that his earning capacity is substantial.

The "Kinser" farm is worth about one-third as much as the "Home" farm which appellant retains together with the two less valuable farms, and, while the "Home" farm is encumbered and the "Kinser" is not, this fact is not material in determining the proper provision which should be made for appellee's support.

Appellant's principal complaint is that the "Kinser" and "Home" farms are "adjacent and work well together"; that the Chancellor in awarding the use of the former to appellee has "cut the economic unit in two"; that the severance would "certainly cut the slim margin of profit of even the best farmer"; and, "on top of all this, the appellant has this steady $40 a month to contend with, with all of his other fixed charges, and with the labor situation like it is."

A sufficient answer to this argument is that appellant made no showing of the gross or net income from

any of his farms or activities; that his conduct was not such as to entitle him to the benefit of any doubt that might arise from the meagerness of the evidence; and that nothing is shown against appellee which would incline the Court to restrict her to a mere subsistence. Indeed, it would be difficult to conceive of a case in which we would be less justified in disturbing the Chancellor's fact finding. If future circumstances should demonstrate that the award to appellee is disproportionate to appellant's earnings, the Chancellor can himself alter the decree.

We do not think that the attorney fee allowed appellee as part of the costs was excessive.

Judgment affirmed.